Filed 8/2/24  P. v. Trotter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099147 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F03192) |
| v. | |
| ANDY TROTTER, | |
| Defendant and Appellant. | |

Defendant Andy Trotter appeals from denial of his postconviction petition for relief under Penal Code section 1172.6.[1]  Counsel for Trotter filed a brief seeking our independent review under *People v. Delgadillo* (2022) 14 Cal.5th 216, to determine whether there are any arguable issues on appeal.  Trotter also filed a supplemental brief in propria persona.  Rejecting Trotter's claims of error, we will affirm.

---

[1]  Undesignated statutory references are to the Penal Code.

1

Trotter and Roger Renard Adams were members of the Nogales Gangster Crips, a gang involved in a war with the Elm Street Bloods. One night, they drove by an Elm Street Bloods hangout and fired at people outside, shooting one person in the hand and also hitting an occupied vehicle. Police in the vicinity apprehended them.

A jury found Trotter and Adams guilty of two counts of premeditated attempted murder (§§ 664/187, subd. (a)), discharging a firearm from a vehicle (former § 12034, subd. (c)), and shooting at an occupied vehicle (§ 246). The jury also found firearm and gang enhancements alleged against both defendants true. (§§ 186.22, subd. (b)(1), 12022.53, subd. (c).) The trial court sentenced Trotter to an aggregate prison term of 30 years to life, plus 40 years. Defendants appealed their conviction, and another panel of this court affirmed the judgment. (*People v. Trotter* (Jan. 15, 2009, C055472) [nonpub. opn.].)

When Trotter filed his first petition under section 1170.95 (now § 1172.6),[2] the statute did not cover an attempted murder conviction. On appeal, another panel of this court affirmed the trial court's order denying the petition. (*People v. Trotter* (Oct. 14, 2020, C089578) [nonpub. opn.].)

The California Supreme Court granted review and transferred the case back to this court with directions to vacate the previous decision and reconsider the matter in light of Senate Bill No. 775 (2020-2021 Reg. Sess.) (Senate Bill 775) (Stats. 2021, ch. 551, § 2), which amended section 1172.6 to expand those eligible for relief to, among others, persons convicted of attempted murder based on the natural and probable consequences

---

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Although Trotter filed his petition under former section 1170.95, we cite the current section number throughout this opinion.

doctrine, and *People v. Lewis* (2021) 11 Cal.5th 952. Upon reconsideration, we concluded that Trotter was not prosecuted on the natural and probable consequences doctrine nor was the jury instructed on this theory. Therefore, summary denial of Trotter's petition was appropriate. (*People v. Trotter* (Apr. 25, 2022, C089578) [nonpub. opn.].)

On September 30, 2022, Totter filed a second petition for resentencing under section 1172.6. Trotter contended that Senate Bill 775 clarified he was eligible for resentencing. The People filed a response arguing that, to be eligible for relief under the amendments to section 1172.6 made by Senate Bill 775, the petitioner must have been convicted of attempted murder under the natural and probable consequences doctrine. The People maintained that Trotter was not convicted of attempted murder under the natural and probable causes doctrine because the jury was not instructed on that doctrine. The People's response attached the amended complaint, the verdicts, and the jury instructions from the trial, as well as this court's opinion on transfer from the California Supreme Court.

The trial court conducted a hearing on Trotter's prima facie showing of eligibility for relief under section 1172.6. The court ruled that Trotter was ineligible as a matter of law, explaining that Trotter "was not prosecuted for attempted murder under the natural and probable consequence[s] theory. The Amended Information did not make that allegation and the jury was not instructed on such. The Information alleged that attempted murder was committed willfully, deliberately and with premeditation, and the jury was so instructed and the jury so found."

Trotter filed a timely appeal.

**DISCUSSION**

Under *Delgadillo*, we must "evaluate the specific arguments presented in [the defendant's supplemental brief]," but we are not compelled to undertake an "independent

3

review of the entire record to identify unraised issues." (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.) We proceed accordingly.

In his supplemental brief, Trotter argues he was eligible for relief because section 1172.6 was amended to add the phrase "or other theory under which malice is imputed to a person based solely on that person's participation in a crime" (§ 1172.6, subd. (a)), which he contends authorizes defendants convicted of attempted murder not based expressly on the natural and probable consequences doctrine to petition for relief. However, under the terms of the statute, this phrase only applies to defendants convicted of murder, not attempted murder. Section 1172.6, subdivision (a), provides that "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition . . . ."

Trotter also argues that the cumulative effect of the language of other instructions given to the jury tends to prove the same theory of malice as the natural and probable consequences doctrine. We disagree. Section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Accordingly, section 1172.6 does not apply to an attempted murder conviction where jurors were not specifically instructed on that doctrine. (*Coley*, at p. 548.) As the court in *People v. Offley* (2020) 48 Cal.App.5th 588 explained: "In many instances, additional information from the record will establish that a defendant's conviction was not based on the natural and probable consequences doctrine, and that the jury must have convicted the defendant on the basis of his own malice aforethought. For example, if the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the petition should be summarily denied." (*Id.* at p. 599; see also *People v. Allen* (2023) 97 Cal.App.5th 389, 395; *People v. Harden* (2022) 81 Cal.App.5th 45, 52;

4

*People v. Cortes* (2022) 75 Cal.App.5th 198, 205; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1056.)

Next, Trotter contends that, under Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Assembly Bill 333) (Stats. 2021, ch. 699, § 5, effective Jan. 1, 2022), the trial court erred in denying a request to bifurcate trial on the gang enhancements (§ 1109, subd. (a)), and there was insufficient evidence to prove the gang enhancements found true by the jury under section 186.22 as amended. These issues are outside the scope of this appeal. "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; see also *People v. Rodriguez* (2024) __ Cal.App.5th __, __ [2024 Cal.App. LEXIS 431, *7] [§ 1172.6 "does not permit ' "litigat[ing] anew" any trial issues or allowing "a petitioner to challenge any aspect of the factfinding from the original trial that [they] wish[] to revisit" ' "], petn. for review pending, premature petn. received July 15, 2024, S285924; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [§ 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)

In any event, the California Supreme Court recently held that section 1109 does not apply retroactively. (See *People v. Burgos* (2024) 16 Cal.5th 1, 7-8.) Further, the amendments to section 186.22 enacted by Assembly Bill 333 are retroactive only to cases that are not yet final. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206-1207.) Trotter's judgment was final long ago. (*People v. Padilla* (2022) 13 Cal.5th 152, 162.)

Finally, Trotter claims that: (1) the testimony of an investigator qualified as a gang expert was insufficient to establish the "primary activity" element of a gang enhancement; (2) the trial court erred in instructing the jury on the believability of the expert's opinion and hearsay testimony; (3) the gang enhancement evidence was unreliable and prejudicial because it was "lumped" into evidence of the underlying charges; (4) the jury was erroneously instructed on weighing defense evidence; and

5

(5) the prosecutor misled the jury on the prosecution's burden to prove guilt beyond a reasonable doubt.  These claims are also not cognizable on appeal from denial of a section 1172.6 petition.  (*People v. DeHuff, supra*, 63 Cal.App.5th at p. 438.)

## DISPOSITION

The trial court's order denying Trotter's petition for resentencing under section 1172.6 is affirmed.

/s/
EARL, P. J.

We concur:

/s/
MAURO, J.

/s/
MESIWALA, J.